of Illinois is reconvened. You may be seated. Next case of the afternoon is People of the State of Illinois v. William Carmichael, 415-0161, for the appellant, Mr. Sabin, and for the appellee, Ms. Brooks. You may proceed. Is it Sabin? Sabin, yes. It's been a while since I've been here, Your Honor. Thank you for entertaining us today. Please, the court, counsel. The facts of this case are relatively straightforward. I don't think I need to reiterate them other than there was a fight that occurred February 2014 between the defendant, William R. Carmichael, and the complainant witness, Richard Townsend. As a result of that encounter, Richard Townsend did suffer, admittedly, some severe injuries. And the real issues presented in this case deal, I contend, with the jury instructions that were tendered at the time. Mr. Carmichael, as you are aware, was charged with two counts of battery. In count one, basically, that a harm was committed on a public way. In count two, that he had suffered great bodily harm at the hands of Mr. Carmichael. Mr. Carmichael raised the affirmative defense and self-defense, and the issues that we have with how that self-defense instruction, 17A, was handled. There are two paragraphs to that instruction, and it is the marked attention that the second half of that instruction, wherein the jury was instructed that a person is justified in the use of force, which is intended or likely to cause death or great bodily harm, only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself. We contend that that was offered over objection and was erroneous and rises to the level that, well, basically, when that is considered with how these two counts were charged, and ultimately the facts of the case, rises to the level of error that he was prejudiced and it was an abuse of the court's discretion to tender that instruction. It was unfair. The court only looked at and considered the injuries sustained by the complainant's witness, Richard Townsend, and I think the record supports that. There was objection made at the time, and he said no. He was focused on Mr. Townsend's injuries. He had sustained a broken jaw, a mangled ankle, a dislocated right shoulder, and a broken ankle. These were severe, but when we consider the facts that were presented and adduced at trial as to how those injuries occurred, I think it looked more at what the result was as opposed to the intended force that Mr. Carmichael used in self-defense. I believe the evidence adduced at trial was that Mr. Carmichael, upon exiting the bar, has a conversation with Mr. Townsend. Mr. Carmichael's testimony is that he was hit in the head and knocked down, that he got up to defend himself at some point, again was on the ground kind of grappling with Mr. Townsend's legs. Mr. Townsend basically testified that he was struck once. His memory was flawed. He doesn't recall much of what happened after that. What he does recall is after coming to basically on the ground, and the uncontroverted evidence was that he fell approximately two feet from an elevated sidewalk under the concrete down below. There was an intervening actor, Donnie Snyder, who testified at trial that he came outside, witnessed his friend, his companion, William Carmichael, on the ground struggling with Mr. Townsend, and then conceded that he had pushed Mr. Townsend and that he had fallen. When questioned why he didn't disclose this originally, he said he realized the injuries were severe and thought that he would be responsible for them, and that's why he was not forthcoming early on. But there was no real evidence to the contrary. So the reason this is important is we've got an intervening actor, Donnie Snyder, who was in all likelihood the cause of the serious injury, the dislocated shoulder, and the broken leg that followed. There's really the only evidence that there could be that caused the broken jaw was a single punch. And I submit that there are some cases that say a single punch is not reasonably foreseeable that the extensive injuries that were caused in this case were what he intended or likely to occur. And so I think the court was really focused on the nature of Mr. Townsend's injuries as opposed to the force actually used by Mr. Carmichael. And when you, in the aggregate, look at all of the facts, you consider all of the testimony that was presented at trial and all the evidence deduced, it was probably improper, I submit that it was improper, to add that second paragraph to the self-defense instruction. The court was focused on the wrong participant's conduct. And why does that rise to the level of error? It elevates the conduct that is appropriate that this man, Mr. Carmichael, could use in his self-defense defense. As instructed, he's justified in the use of force which is intended or likely to cause death or great bodily harm, only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm. When this was read in conjunction with an instruction that originally, I think the definition section of aggravated battery harm in a public way omitted the words without legal justification. It was the first argument and maybe that in and of itself was not enough to rise to the level of error that warranted overturning a verdict, but what it does is creates a situation where it made it excellent possible for Mr. Carmichael to prevail with his self-defense theory, especially when you consider it with respect to count one. We know he was acquitted of count two, aggravated battery, great bodily harm. In all likelihood, the jury did not even get to the second prong of that instruction, the self-defense instruction. If he was acquitted on that count based on self-defense, then he should have been acquitted on both counts. If it was good enough for one count, it's good enough for the other. What if he was acquitted because, as you said, there's a third actor? That is a distinct possibility, and then, Your Honor, I mean, it was any reason other than, and that's fine. That's an excellent point, and I think it goes right into the argument. Fine, he's acquitted of aggravated battery, great bodily harm. Let's look at just harm on a public way. The instruction is given. It is, the way it is written, the jury basically would have to believe that Mr. Carmichael intended or likely, for the force that he used to protect himself, intended or likely to cause death or great bodily harm. He would have to experience that, feel that, in order to use the force that he did. Well, that's forgetting the other, the way the other instructions came in, the way that counsel used those, used the elements of the offense and what would be required in closing argument. I mean, we don't look at a single part of an instruction and say, well, maybe that was problematic or was problematic without looking at whether or not there's the likelihood that the jury was misled or confused. And some would argue, perhaps to state, that the rest of the instructions and the argument and the way the case was tried precludes the notion that the jury didn't know what it was doing. And I will submit that a close reading of the transcripts and what transpired, and as you say, how it was argued, how the evidence came in, there was great, great emphasis placed on the injuries sustained by Mr. Townsend. And that is the wrong focus. We need to look at the force exercised and used by Mr. Carmichael. And was it intended or likely to cause death or great bodily harm? And I submit that a single punch to the face does not rise to the level, I don't think it's even reasonably foreseeable that you could envision this man breaking his leg, twisting, you know, breaking his ankle, dislocating his shoulder from a single punch that arguably is or was not in self-defense from an initial hit by Mr. Townsend, if you choose to believe him or not. But if you take for argument's sake that Mr. Townsend just said, you know, he hit him once, I don't think it is reasonably believed that there was no way for, one, I don't think that he would have intended for those types of injuries, and I guess I'm confusing apples and oranges a little bit. My point is that the focus needs to look at what Mr. Carmichael's conduct was, not necessarily what the injuries were sustained by Mr. Townsend. That might be one factor for the court to consider. Yes, you know, the nature and extent of the injuries he received is one factor, but you can't view it to the exclusion of all others. And when you look at the facts of this case, that's kind of what the court did. And by including that half of the instruction, it makes it next to impossible for him to, I don't even know if it would be possible to prevail on the self-defense theory as charged in count one harm on a public way. All there has to be is harm on a public way, and if he is using self-defense, if he's using force intended or likely to cause great bodily harm, that in and of itself is excessive. And I, you know, to say that the jury can work through this instruction and figure it out is, you know, I don't find that really a valid argument. I'm a lawyer of 25 years, and I am having tremendous difficulty appreciating and understanding and difficulty working through these instructions as given. I think the better thing would have been to have singularly with each count said within each instruction with respect to each count harm on a public way. It would have been appropriate just to say a person is justified in use of force when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against the imminent use of unlawful force. By adding this second paragraph, however, a person is justified in use of force, it almost precludes one from saying Mr. Carmichael was, it elevates the burden of what he needs to do to defend himself. And if his conduct, basically to successfully prevail on the self-defense theory on count one, he has to show that he was himself in fear of death or great bodily harm. I don't, that elevates the burden. If he's to use the force, which this instruction permits him to. And I think everybody involved in this case, the judge, the lawyers, were looking at the injuries. There was a great amount of emphasis placed, they brought in the doctors and said these are the injuries he suffered, an oral and maxillofacial surgeon, an orthopedic surgeon. I submit he was injured, and he was injured severely. But let's look at why and how it happened. And the evidence overwhelmingly shows, it's not just my theory of the case, that there was an intervening actor, Mr. Snyder, it's unrebutted that he came out and pushed him and the guy fell. Because other than that, there was no other testimony, there was no other evidence that his ankle could have been broken or shoulder dislocated absent this fall. And the fall only occurs after Mr. Snyder exits the establishment and sees his friend, comes to his aid and pushes him over. The court didn't even consider the fact that there was an intervening actor, at least when considering the instructions that tended. If this case was only about count one, but the state still proved up the injuries, would it be permitted to do that? Of course it could permit with the injury, I mean, obviously it would show. But they're only going for aggravated battery in a public way. Aggravated battery in a public way, and all they would have to show is that there is a harm on public way, is undoubtedly a harm. But the second part of that instruction I submit would still not be applicable. Yeah, he was injured severely, but why? Was it an accident? No. But it's just one factor that the court considers, is the injuries that the complaining witness sustains. Well, if there's no reference to the other injuries and just the broken jaw, what instruction do you give? Well, in this particular case, I don't know the answer to that. I mean, the court has some discretion. Harm on a public way. It is a harm on a public way. I guess I need to know, given the facts of this case, a single punch without really much more description, other than Mr. Townsend saying, you know, at that point, I remember waking up on the ground in great pain. There was no testimony that he was writhing in pain, couldn't speak. None of that comes until after he has hit the ground. So I don't know if that's the result of a fall. I don't know if that's the result of a punch. And maybe if that were the facts alone, it might be appropriate. But that really isn't the facts. And this defendant is entitled, I mean, there's some confusion here. But I want... So, yes, you know... We've got a juror. How is the juror confused? Well... Particularly looking at it after the facts, and your client is found not guilty of that which could be considered more serious. And that may be because there is a third actor who could have been responsible for some of those other injuries. And the jury knew that there was a self-defense issue. But it's pretty clear that there was a striking, and that that caused some harm. And the jury concluded that your client was really the aggressor. Were they confused about that because of the instructions? I don't know. I know the jury did ask a question at one point. They tendered a question. Are you suggesting that the jury ended up thinking it could only... In order for the defendant to be found not guilty on count one, that they were taking into account the idea of death or great bodily harm and rendering a verdict of guilt on count one? Yes. I think for him to have prevailed with his self-defense theory, that he was only justified in using the force which is intended or likely to cause death or great bodily harm, and so much emphasis was placed on the injuries that this man sustained, that they would reasonably assume that this defendant had to have been reasonably in fear of imminent death or great bodily harm himself. For him to prevail on a self-defense theory, because so much emphasis was placed on this complaining witness's injuries, very little focus was placed on what Mr. Carmichael did, it seems to me. And because it did cause great bodily harm, so that it's argued, I mean the prosecutor certainly argued that, the only way he could prevail in self-defense is if it was to prevent imminent death or great bodily harm himself. What kind of alternative or alternate instructions were offered? I believe his defense counselor, Mr. Skelton, offered the instruction, I think it was 17b, is that a person, just omit paragraph two, that a person is justified in the use of force to the extent he reasonably believes that that conduct is necessary to defend himself or another against the imminent use of unlawful force. I think that would have been the appropriate instruction under these circumstances. And when you charge things together like this, you risk confusing the jury. And frankly, it confused me. And to just argue that the jury could work through it, I'm not so sure. Thank you. Thank you. We'll hear from the Honorable Bob. Ms. Brooks. Good afternoon, Your Honors. I'm Allison Paige Brooks, appearing on behalf of the people. May I please escort the counsel? The standard review is abuse of discretion with respect to the second paragraph included in IPI criminal number 24-25.06. In this case, the state only needed to have slight evidence on his theory in order to justify the giving of an instruction. And the defendant keeps insisting that, well, he only threw one punch, but that is only something that the defendant testified to, and that is his theory of the case. And the rules recognize that parties are entitled to instructions on each of their respective theories of the case. So therefore, the fact that the defendant testified that he only threw one punch is not limiting this prosecution from finding at least slight evidence on the theory that the defendant intended or his conduct was likely to cause great bodily harm and therefore warrants the giving of the second paragraph of this instruction. So the abuse of discretion standard is very hard to get past. It requires to have no reasonable person to agree with what the trial court decided. And because of that high standard review and the fact that only very slight evidence is necessary to justify the giving of instruction on the theory of the case, the defendant's claim is really next to impossible to succeed. It's also even harder to succeed because of the nature of the facts. Here, it's very important something the defendant did not say, which is that there was testimony in the record that Snyder told Townsend to shut up or the defendant was going to kill him, which certainly lends to the inference that all of these injuries that Townsend eventually received that's the ankle fracture, the dislocated shoulder, and the broken jaw, were all inflicted as part of a continued sustained assault by the defendant on Townsend that according to the person who comes at the tail end of it, Snyder, who eventually pushes Townsend down, according to Snyder and the defendant's account, the perception of what the defendant was doing, according to Snyder, is that he was on his way to killing Townsend. And that certainly, in combination with the injuries actually sustained, the fact that the defendant's, even his first punch was substantial enough to cause excruciating pain to Townsend and disorient him so much that he basically blacked out. Certainly the trial court can infer from all that evidence that the defendant's conduct was both likely and intended to cause great bodily harm. Only one of those two is required. It doesn't have to be both likely or intended to cause, but either one is good enough. And here it seems like both are definitely there. With respect to the trial courts focusing on the injuries actually sustained rather than the force used, the defendant would have a valid point, but for the fact that it's the injuries sustained which provides the inference of the force used. So therefore, it is a valid consideration for the state to emphasize an argument and for the trial court to focus on making the ruling as to the injuries sustained representing the reason to infer what the defendant intended to do and what the defendant's actions were likely to do that has caused great bodily harm. With respect to the evidence of the intervening actor, defense claims it's unrebutted that this push was something that happened. However, it doesn't mean what the consequence of that push was. It doesn't mean that the jury had to find that the push was the actual cause of most or all of these injuries that Townsend ended up sustaining as a result of this altercation. Because there is conflict in the evidence, whether the defendant threw more than one punch, for example, and how these injuries were actually sustained, it's at least within the prosecution's theory of the case that the defendant was responsible for inflicting these extra injuries and not Snyder as an intervening actor. So one push by Snyder, it's not necessarily the jury does not have to find, or what's in the trial court does not have to accept as being the reason, like the defense says it's unrebutted, it's not unrebutted that that push caused these injuries. So the force used is actually enough to break the victim's jawbone. That's something that if a punch is strong enough to break a bone, actually strong enough to break a bone, it should be an inference that that punch was likely to cause great bodily harm or even intended to do so if the punch had that much force. So this is a case where there was a substantial amount of force used. So the case is the defendant sides dealing with like a murder case dealing with one punch. That's an opposite because the victim here was not killed. It's not a situation where it has to be a murder. It has only need to be likely or intended to cause great bodily harm. So let's see. The defendant claims that the instructions made it impossible for him to prevail in his self-defense theory. This actually, with the exception of the omission of without lawful justification language in section, in IPI criminal 11.15, which is a separate issue actually. But here within respect to these instructions, the jury was properly instructed. And if it is the case that because of the facts of the case, the defendant is unable to succeed on his self-defense theory, that is only because the jury would accept that the defendant's conduct was intended or likely to cause great bodily harm and therefore qualifies the defendant's right of self-defense. It does not elevate his burden because there is no burden on the defendant to prove self-defense. It's the state's burden and always is and was in this case to disprove self-defense beyond a reasonable doubt. But because the defense of self-defense was qualified by the possibility or the fact that the jury could find that the defendant intended or acted in a way likely to cause great bodily harm qualifies the right of self-defense and thereby makes it easier for the evidence in the state to disprove the defendant's claim of self-defense. So if he cannot prevail, it is simply because of the facts, not because of the way the jury was instructed on the prosecution's theory of the case, which was proper. And so with respect to that issue, the defendant is not entitled to a new trial. With respect to the first claim, briefly, this is not a grave error because this omission came from the definition instruction, not the issues instruction. And even under Huckstead and Cook, it's not a grave error if combined with the argument, successfully apprises the jury of the prosecution's burden to disprove the claim of self-defense. And here there was argument sufficient to apprise the jury that this was something that the prosecution had to disprove. And the fact that it was contained in the issues instruction emphasizes that that is something that the jury is explicitly told that the prosecution has to disprove. And the fact it's not included in one of the two definitions instructions is not a substantial defect under the Rios case. So there's no severe risk the jury was going to misapprehend what the prosecution had the burden of disproving. And the case is not closely balanced because, as I mentioned, despite issues the defendant raises with Townsend's credibility and the conflicts in the testimony, plus the fact that there is the statement by Snyder, who's the defendant's friend, who comes in at the tail end and sees what the defendant is doing with Townsend. The most telling point of this, and of course the defendant's claiming that the testimony is, in his brief, in his argument he's today, he said that he, after being punched first, the defendant's testifying that he's acting to defend himself. But if you read this testimony carefully, first of all he claims he's protected himself by grabbing Townsend's legs, which of course is something that happens later in the altercation. And then he was asked by his counsel, is that why you punched him as well? And what is most telling about his answer is that he does not say yes. In fact, part of what he says is he started it, referring to Townsend. And this just shows that the defendant was acting in retaliation. There's evidence that, according to at least the defendant, that Townsend had used a racial slur against the defendant, and that Townsend had punched first. And if that provides the motive then for the defendant to retaliate, and of course retaliation is not self-defense. So the fact that the defendant does not answer yes to the question, is that why you punched him, and that is what the defendant did, which broke the man's jaw, then it shows that that was aggravated battery on a public way that caused harm that was not justified by self-defense. It was an act of retaliation and nothing more. And there is no real evidentiary conflict as to whether the defendant was justified in punching Townsend at that point. And for that reason the case is not closely balanced. And the defendant is not prejudiced by the error in IPI mission, in IPI criminal number 11.15. That's the conclusion of my remarks, and I'm willing to entertain any questions otherwise request this court to defer. Thank you. No questions. Thank you. Just very briefly, Your Honor, in rebuttal, contrary to what the state argues, I don't think that a reasonable inference can be drawn, or that any reasonable juror can draw an inference that a single punch to the jaw can cause a dislocated shoulder or mangled or broken ankle. You have to look at the facts of the aggregate and the testimony. Mr. Townsend remembered very little. He admits he was foggy. He was clouded by alcohol. A gentleman who said he had only had three or five beers when actually his BAC at the hospital showed he was .16, which is the equivalent of more like 13 beers. He had reason to perhaps shade his testimony as well to preserve a civil lawsuit that he had filed or avoid a dramp shot case. But be that as it may, he did not complain about excruciating pain to his jaw or elsewhere, and I believe a review of the transcript will show, until after he had hit the concrete. And he said he couldn't speak at that point. There was very little testimony as to how the jaw may or may not have been broken. Yes, there was contact. There was a punch. We don't know how aggressive it was. And, you know, yes, you're allowed to make reasonable inferences, but I don't know that that's reasonable. And we certainly, when we look at the aggregate of these facts collectively, a punch didn't cause a dislocated shoulder or a broken ankle. And the fact that Donnie Snyder said, hey, you know, stay down or he's going to kill you or something, those are words. They don't amount to much. They can shade how they can offer some, I guess, collateral background. But that doesn't rise to the level of battery. I mean, words are words. And, you know, I don't know what to take away from that. But what I do know is the defendant was, it's not just his theory of the case. It's based on what the evidence was. And I think it's, I think too much emphasis was placed on Mr. Townsend's injuries alone. And that is not the sole factor or criteria that the trial court should have been considering. I think you cannot look at that just to the exclusion of all other factors. And so much emphasis is made on the bodily harm he received and that Mr. Townsend received. You know, but how did this happen? And the scenario was it was an intervening actor. The court didn't look at it, didn't really consider it. I don't see how they considered it. And so I submit as tendered it was prejudicial, didn't offer him a fair trial, especially with respect to count one. I'm going to ask the court to seriously, I would ask that they would overturn this jury's verdict and at least offer a retrial as to that count. Thank you. Thank you. We'll take the matter under advisement. Stand in recess.